# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY HORTON,

                Plaintiff,

v.

JONATHAN RICHARDS, SAMUEL E. SIMPSON, TYLER A. JOCHMAN, LLC, COMMISSIONER PHILLIPS, MILWAUKEE COUNTY, ADRIAN HARRIS, MILWAUKEE POLICE DEPARTMENT, and TYLER A. JOCHMAN LAW, LLC,

                Defendants.

Case No. 25-CV-314-JPS

**ORDER**

## 1.     INTRODUCTION

Plaintiff Tony Horton ("Plaintiff"), an inmate confined at the Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, and screens his complaint. Plaintiff filed numerous other motions, ECF Nos. 12, 17, 19, 21, and 22, which will all be denied as moot because the Court finds that Plaintiff's case may not proceed at this time.

## 2.     MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.*

§ 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 6, 2025, the Court assessed Plaintiff an initial partial filing fee of $1.79. ECF No. 5. Plaintiff paid that fee on April 21, 2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. Plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

3.     SCREENING THE COMPLAINT

   3.1     Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 3.2 Plaintiff's Allegations[1]

Plaintiff's allegations relate to his criminal prosecution in Milwaukee County, Wisconsin for reckless injury with use of a deadly weapon. ECF No. 1 at 1 (referencing "CF-387"); ECF No. 1-1 at 1 (referencing "Case No[.] 24-cf-387); *State of Wisconsin v. Tony Horton*, Milwaukee Cnty. Cir. Ct. Case No. 2024CF000387, *available at*

---

[1]Plaintiff submitted a complaint with exhibits, an "opening statement," and an "argument" attached. ECF Nos. 1, 1-1, 1-2, 1-3. To the extent that Plaintiff's allegations in the attachments expand on the allegations in the complaint, the Court has considered them in crafting the below summary. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).

After filing his complaint, Plaintiff submitted several letters that relate to his allegations and, in some instances, attempt to expand on his claims. ECF No. 6 (letter regarding double jeopardy and Sixth Amendment issues); ECF No. 7 (letter regarding alleged constitutional violations and asking the Court to review transcripts and evidence in that case); ECF No. 10 (requesting to add damages). These filings are not considered part of the complaint, and the Court has disregarded them for purposes of screening. *Brown v. Uhl*, No. 22-CV-131-JPS, 2022 WL 3043039, at *1 (E.D. Wis. Aug. 2, 2022) ("Complaints may not be amended in a piecemeal fashion . . . ." (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994))).

https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF000387&county
No=40&index=0&mode=details (last visited June 4, 2025) (hereinafter the
"State Case").[2] In that case, Plaintiff was found guilty at a jury trial. State
Case, May 7, 2024 docket entry.

Defendant Jonathan Richards ("Judge Richards") was the presiding judge in the State Case, and Defendant "Commissioner Phillips" appears to refer to Barry Phillips, a court commissioner involved in the State Case. *See generally* State Case docket. Defendant Samuel E. Simpson ("Attorney Simpson") was the prosecuting attorney. *Id.* Defendant Adrian Harris ("Detective Harris") is a detective with the Milwaukee Police Department ("MPD") who testified during Plaintiff's trial. *Id.*, May 7, 2024 docket entry.

Tyler Jochman ("Attorney Jochman") was Plaintiff's state-appointed defense attorney in the State Case. *Id.*, Feb. 21, 2024 docket entry. Plaintiff attempts to name Attorney Jochman's business entity, rather than Jochman himself, as a defendant. ECF No. 1 at 1 (naming "Tyler A. Jochman Law" and "Tyler A. Jochman, LLC" as Defendants); *see also* "Jochman Law, LLC," *Search Corporate Records*, STATE OF WIS. DEP'T OF FIN. INST., [https://perma.cc/SZX3-XA52] (last visited June 4, 2025). But Plaintiff's allegations pertain to Attorney Jochman, the person, and his performance as counsel. *See generally* ECF No. 1.

Plaintiff alleges that there were several constitutional errors in his prosecution in the State Case. He alleges that there was a significant delay in holding his preliminary hearing, violating his right to due process. ECF No. 1 at 2–3. He also says that Attorney Jochman did not object to delaying the preliminary hearing, which the Court construes as an allegation that

---

[2]The Court may take judicial notice of public records, including state court records and business incorporation records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Attorney Jochman was ineffective in violation of Plaintiff's Sixth Amendment right to effective assistance of counsel. *Id.* at 2; *see also* ECF No. 1-1 at 6. He also notes in passing that he was "denied counsel at [a] preliminary hearing." ECF No. 1-1 at 10.

He suggests that "the district attorney," presumably Attorney Simpson, told Judge Richards that Plaintiff bail jumped in 2022, which was not true because Plaintiff was incarcerated at this time. ECF No. 1 at 3; ECF No. 1-1 at 6. Again, Plaintiff says that Attorney Jochman did not object to this allegedly false assertion by Attorney Simpson. ECF No. 1 at 3. Plaintiff alleges both prosecutorial misconduct "for arguing facts not in evidence" and ineffective assistance of counsel for not objecting. ECF No. 1-1 at 6.

Plaintiff also says that Detective Harris violated *Brady v. Maryland*, 373 U.S. 83 (1963) (hereinafter "*Brady*") by failing to turn over Plaintiff's DNA test and that "the commonwea[l]th," i.e., Attorney Simpson, violated *Brady* by "not testing the two guns for DNA or . . . not turning over those tests." ECF No. 1 at 3; ECF No. 1-1 at 9. He also suggests that Judge Richards, Attorney Simpson, and Attorney Jochman "withheld video footage to not show [H]orton's innocence" or failed to show video footage to the jury. ECF No. 1-1 at 13, 15.

He also states that two witnesses, "Ms. Brooks and Mr. Williams," gave false statements at trial. ECF No. 1 at 4; ECF No. 1-1 at 1–2 and 11–12. Specifically, he says that Ms. Brooks "told the police [that] she [had] seen everything that [H]orton did," which was a lie. ECF No. 1-1 at 4. Plaintiff was charged with stabbing Mr. Williams; Plaintiff apparently argued or wanted to persuade the jury that he was acting in self-defense. *Id.* at 24–25; ECF No. 1-2 at 1–3 (describing incident). Plaintiff says that Mr. Williams "told the jury that he didn't hit [Plaintiff]," but this was a lie because but

there was a "cut over [Plaintiff's] face and head," which Plaintiff argues is evidenced by body camera footage. ECF No. 1-1 at 9.

He says that Judge Richards knew that Ms. Brooks and Mr. Williams gave false statements but permitted the jury to hear their testimony anyways, and that Judge Richards therefore should have been disqualified as unable to be impartial. *Id.* at 2, 12. Finally, Plaintiff also states that Judge Richards improperly denied an evidentiary motion, though it is not clear to what evidence this purported motion pertained. *Id.* at 3, 5.

For relief, Plaintiff asks that the State Case "be vacated" and that he "be released from prison now." ECF No. 1 at 4. He asks that witnesses who gave allegedly false statements be arrested and charged with perjury. *Id.* He further asks that "all court cost[s] . . . be paid by Milwaukee County, and wage[s] paid for [with] interest," that his "fine" be "vacated" and paid back to him with interest, and that any money he spent while incarcerated pursuant to the State Case be refunded to him with interest. *Id.* Finally, he seeks $10 million in damages. *Id.* at 3.

### 3.3 Analysis

The Court will dismiss Plaintiff's complaint, without prejudice, because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Id.* at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). As explained in *Heck*, a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* at 487. This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

Here, Plaintiff alleges a number of constitutional errors in the State Case and argues that these errors require vacating his conviction and releasing him from incarceration; he further seeks damages and other equitable relief. Since nothing in Plaintiff's pleadings or the publicly available information suggests that his conviction has been invalidated or called into question, his challenge to the State Case proceedings is *Heck*-barred.

Although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Because no amendment can overcome Plaintiff's *Heck* issue, it would be futile to allow him to amend the complaint. The Court must dismiss the case. The dismissal will operate without prejudice because Plaintiff may attempt to reassert these claims if his conviction is invalidated. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." (citing *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) and *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014))).

The Court also notes that, even if he could proceed at this juncture, many of Plaintiff's claims would likely be barred by immunity doctrines. "Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction." *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)

*Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989); and *Eades v. Sterlinske*, 810 F.2d 723, 725 (7th Cir. 1987)). Judge Richards is likely protected by judicial immunity. The Court does not discern any particular assertions of wrongdoing against Commissioner Phillips among Plaintiff's allegations, so any claim against him would likely fail for lack of personal involvement in addition to judicial immunity. *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994) ("[T]here must be individual participation and involvement by a defendant . . . ." (collecting cases)); *Reese v. Sturm*, No. 24-CV-687-PP, 2024 WL 5238273, at *4 (E.D. Wis. Dec. 26, 2024) (noting that "[c]ourt commissioners . . . are immune from suit" under the doctrine of judicial immunity and citing *Griffin v. State of Wisconsin*, No. 07-1653, 2007 WL 2913892, at *3 (7th Cir. Oct. 5, 2007) and *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999))).

Likewise, prosecutors such as Attorney Simpson are generally entitled to immunity for prosecutorial functions. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). And Attorney Jochman is immune from civil rights claims related to his performance as counsel as well. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("With respect to Dodson's § 1983 claims against Shepard, we decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (footnote omitted)).

Finally, even if Plaintiff could proceed at this time, he would face several additional impediments. Plaintiff has not made any allegations to show how Attorney Jochman's business entity—as opposed to Attorney Jochman, the person—acted under color of state law to violate Plaintiff's

Page 8 of 11
Case 2:25-cv-00314-JPS    Filed 06/04/25    Page 8 of 11    Document 23

civil rights. Further, Plaintiff names Milwaukee County as a Defendant but does not include any allegations that would support a claim of municipal liability against this entity. *See Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020) (plaintiff must plead "an action pursuant to a municipal policy" (citing *Bd. of Commr's of Bryan Cnty. v. Brown*, 520 U.S. 397, 404–07 (1997))). But MPD is not a suable entity under § 1983. *Green v. Chvala*, 567 F. App'x 458, 461 (7th Cir. 2014) (citing *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)); *Houston v. Shawano Cnty. Police Dep't*, No. 19-CV-225-JPS-JPS, 2019 WL 1327128, at *2 (E.D. Wis. Mar. 25, 2019) (citing *Andreola v. Wisconsin*, 211 F. App'x 495, 497 (7th Cir. 2006) and 42 U.S.C. § 1983)).

4.  **ADDITIONAL MOTIONS AND REQUESTS**

Plaintiff additionally filed a motion to compel, ECF No. 12; a motion seeking to stop the state court from collecting fines, ECF No. 17; a motion seeking to review evidence and obtain transcripts from the State Case, ECF No. 21; and motions for appointment of counsel, ECF Nos. 19 and 22. Because Plaintiff's case will be dismissed, all of these motions will be denied as moot. Plaintiff also filed letters asking the Court to send him back copies of his submissions in this case. ECF Nos. 16 and 20. Plaintiff indicates, specifically, that his complaint in this case "was the only cop[y]" he had. ECF No. 16 at 1. The Court will direct the Clerk of Court to enclose a copy of Plaintiff's complaint and attachments, ECF Nos. 1, 1-1, 1-2, and 1-3, with this Order. In the future, Plaintiff should retain copies of his own records.

Accordingly,

**IT IS ORDERED** that Plaintiff Tony Horton's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Tony Horton's motions, ECF Nos. 12, 17, 19, 21, and 22, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** because it is *Heck*-**barred**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $348.21 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of his complaint and attachments thereto, ECF Nos. 1, 1-1, 1-2, and 1-3, along with this Order; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*
>
> Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).
>
> A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.